IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONESUBSEA IP US LIMITED, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-16-0051 | |
| § | | |
| FMC TECHNOLOGIES, INC., § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Partially Lift Stay [Doc. # 164] filed by Defendant/Counterclaim Plaintiff FMC Technologies, Inc. ("FMC"), to which OneSubsea IP UK Limited, OneSubsea UK Limited, OneSubsea LLC, and Cameron International Corporation (collectively "OneSubsea") filed a Response [Doc. # 167], and FMC filed a Reply [Doc. # 168]. By Memorandum and Order [Doc. # 158] entered August 30, 2016, this case was stayed and administratively closed pending final decisions by the Patent Trial and Appellate Board ("PTAB") in connection with applications for *inter partes* review ("IPR") of all asserted claims in four of OneSubsea's patents, and on OneSubsea's application for IPR of FMC's patent, U.S. Patent No. 6,715,554 ("the '554 Patent").

This Court has discretion to lift a stay "if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Mach. USA v.*

*Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). Whether to lift a stay is analyzed under the same test as whether to impose a stay: "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Id*. Additionally, the Court's discretionary prerogative allows it "to balance considerations beyond those captured by the three-factor stay test." *Id*. at 1362. "The burden litigation places on the court and the parties when IPR proceedings loom is one such consideration that district courts may rightfully choose to weigh." *Id.*

In this case, the circumstances supporting the stay of FMC's counterclaim regarding OneSubsea's alleged infringement of the '554 Patent have clearly changed. The PTAB denied OneSubsea's application for IPR of any claims of the '554 Patent, and that decision is final.[1] FMC would be prejudiced by a continued stay of its infringement counterclaim regarding the '554 Patent, as there is no longer any valid reason to delay a final resolution of that claim. Maintaining the stay will not simplify any issues regarding FMC's infringement counterclaim, and the litigation has already progressed past the claim construction phase.

---

[1] The PTAB instituted IPR as to OneSubsea's patents, and ruled that most asserted claims in OneSubsea's patents were unpatentable. OneSubsea filed a request for rehearing, which has not yet been decided.

Having considered the relevant factors, particularly the prejudice to FMC if its counterclaim regarding the '554 Patent remains stayed, the Court exercises its discretion to lift the stay as to that counterclaim only.[2]  Accordingly, it is hereby

**ORDERED** that the Motion to Partially Lift Stay [Doc. # 164] is **GRANTED** and discovery may proceed.  FMC's counterclaim asserting infringement of the '554 Patent is **SEVERED** and docketed as a separate civil action on the Court's active docket.  It is further

**ORDERED** that on or before **July 30, 2018**, counsel shall file a written list of all matters, identified by name of the filing and its docket entry number, that should be included in the severed civil action.  It is further

**ORDERED** that the remaining claims in this case are **STAYED** and the case continues to be **ADMINISTRATIVELY CLOSED**.  The requirement for a written status report every six (6) months remains in effect.

SIGNED at Houston, Texas, this 17th day of **July, 2018.**

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] OneSubsea argues that it is not infringing the '554 Patent.  Additionally, OneSubsea presents various arguments regarding what should happen if the stay is lifted.  Those issues, however, are not before the Court at this time.  Issues regarding infringement, the scope of discovery, amended infringement contentions, and related matters will be addressed when and if necessary after the stay is lifted.